# I IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | NO. 3:15-cr-00095 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| | ) | |
| DEVIN DOWLIN | ) | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant's *pro se* letter (Doc. No. 47), seeking a reduction in his sentence, and a Notice Regarding Section 404 of the First Step Act (Doc. No. 50), filed by counsel for Defendant. Through his filing, Defendant seeks a reduction in his sentence based on the First Step Act.

Defendant pled guilty on September 3, 2015, before now-retired Judge Todd J. Campbell, to drug trafficking and unlawful possession of a firearm. (Doc. No. 24). Through the Plea Agreement, the parties agreed that Defendant is a Career Offender; that the advisory guideline sentencing range is 151-188 months of imprisonment; and that the appropriate sentence would be 120 months of imprisonment. (Doc. No. 24 ¶¶ 12-14). The parties also agreed that Defendant's statutory sentencing range was 0-20 years, and Judge Campbell so advised Defendant at the change of plea hearing. (Doc. No. 24 ¶ 4; Doc. No. 38, at 9-10). Using the November 2014 Sentencing Guidelines, the Presentence Investigation Report's determinations mirrored those in the Plea Agreement. (¶¶ 20, 34, 79). On November 4, 2015, Judge Campbell adopted those determinations, and sentenced the Defendant to the agreed 120-month sentence. (Doc. Nos. 30, 31).

Through the First Step Act, which was signed into law on December 21, 2018, Congress

enacted various federal sentencing reforms. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194 (2018). Although Defendant does not cite the specific provisions of the Act through which he seeks a reduction, he argues he is entitled to a reduction for his "low level drug offenses." The Court assumes he seeks a reduction under Section 404 of the Act, which allows the courts to retroactively reduce the sentence of certain drug offenders who were not sentenced in accordance with the Fair Sentencing Act of 2010. The Fair Sentencing Act of 2010 lowered the statutory penalties for certain crack cocaine offenses.

Section 404 does not apply to reduce a sentence, however, if the sentence was previously imposed in accordance with the Fair Sentencing Act. Defendant's offense date, as well as the date his sentence was imposed, both occurred after the provisions of the Fair Sentencing Act of 2010 became effective. Therefore, Defendant has already received the benefit of those provisions, and he is not entitled to relief under the First Step Act. Accordingly, Defendant's request for reduction of sentence is **DENIED.**

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE